UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES & EXCHANGE COMMISSION, :
:
Plaintiff, :
:
v. : Civil Action No. 04-2070 (GK)
:
AMERICAN INTERNATIONAL GROUP, :
INC., :
:
Defendant. :

## MEMORANDUM ORDER

This civil action brought by the Securities and Exchange Commission ("SEC") against the American International Group ("AIG") under the Securities Act of 1933, 15 U.S.C. § 77a *et seq.*, the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rules promulgated pursuant to the Securities Exchange Act, is now before the Court on Sue Reisinger's Second Motion Seeking Release of Reports and Notifications of the Independent Consultant [Dkt. No. 33]. Upon consideration of the Motion, the Opposition, and the Reply, the Court concludes that Ms. Reisinger's Motion must be **denied**.

### I.   BACKGROUND

On November 30, 2004, the SEC filed a Complaint against AIG, alleging violations of federal securities laws [Dkt. No. 1]. On the same date, the SEC submitted to the Court the Consent of Defendant American International Group, Inc. ("Consent Order" [Dkt. No. 1-1]. In this document, AIG consented to entry of Final Judgment without admitting or denying the allegations of the Complaint. The Court entered Final Judgment, incorporating the Consent Order, on December 7, 2004 [Dkt. No. 2].

Under the terms of the Consent Order, AIG agreed to take on two main responsibilities. First, AIG consented to establish a Transaction Review Committee to review transactions taking place after the entry of Final Judgment. The Committee was charged with setting up procedures to identify transactions that would involve heightened legal, reputational, or regulatory risk. Under the Consent Order, these transactions require review and approval by the Committee before they can be completed.

Second, AIG agreed to retain an independent consultant, selected by the Fraud Section of the Department of Justice and acceptable to the SEC, to review the Transaction Review Committee's policies and procedures as well as all transactions that AIG entered into between January 1, 2000, and the date of the Final Judgment and that had "a primary purpose of enabling a Reporting Company to obtain an accounting or financial reporting result." Consent Order ¶ 3a.1. The purpose of the review of past transactions was for the Independent Consultant to determine whether they were used or designed to permit counter-parties to violate generally accepted accounting principles ("GAAP") or rules promulgated by the SEC. These transactions formed the basis of the SEC's Complaint.

At the conclusion of his or her review, the consultant was required to provide copies of reports of his or her findings ("IC Reports") to the SEC, the DOJ, and AIG's Audit Committee. AIG was then required to implement all reasonable recommendations made by the consultant. If AIG violated certain designated provisions of the Consent Order, the SEC was permitted to petition the Court to vacate the Final Judgment and restore the action to its active docket, i.e., to proceed with litigating the Complaint. Further, the Court retained jurisdiction over the case in order to enforce all terms of the Final Judgment, including provisions related to the IC Reports.

More than a year and a half later, on June 14, 2006, the SEC and AIG filed a Joint Motion for Clarification of Consent of American International Group, Inc. ("Joint Mot. for Clarification") [Dkt. No. 3]. According to this Joint Motion, "[i]t was not the parties' intent that [the information provided by AIG to the independent consultant] be disseminated or available to anyone outside of the entities identified in the Consent." Joint Mot. for Clarification 3. Accordingly, the SEC and AIG requested that the Court "clarify" the Consent Order by adding a provision prohibiting public dissemination of the IC Reports.

The Court granted the Joint Motion for Clarification on June 14, 2006 [Dkt. No. 4]. Since that time, the Court has twice granted requests to release IC Reports: once on October 23, 2007, to the Office of Thrift Supervision at the request of the SEC and AIG [Dkt. No. 8], and once on May 4, 2009, to the House of Representatives Committee on Oversight and Government Reform at the request of the SEC [see Dkt. No. 11].

## II. ANALYSIS

AIG argues that *res judicata* precludes Reisinger from relitigating her claims for release of the IC's Reports.[1]

In Sheptock v. Fenty, 707 F.3d 326, 330, the Court of Appeals noted that "'The federal courts have traditionally adhered to the doctrine[] . . . of *res judicata*' Allen v. McCurry, 449 U.S. 90, 94 (1980)." "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). As recently as 2011, the Supreme Court ruled that "the now-accepted test in preclusion-law for determining whether two suits involve the same

---

[1] The SEC has not filed any Opposition to the pending Motion.

claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" United States v. Tohono O'Odham Nation, 131 S.Ct. 1723, 1730 (2011).

Claim preclusion applies "'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" Natural Res. Def. Council v. E.P.A., 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006)).

Reisinger's Motion fits squarely within the requirements for application of the claim preclusion doctrine. First, her Motion involves the same claims or cause of action as did her prior motion, namely, her right to access to the IC Reports. Second, her Motion is being litigated by the same parties who litigated her first motion: namely, Defendant AIG and Reisinger.[2] Third and fourth, there has been a final, valid judgment on the merits by a court of competent jurisdiction since, in SEC v. American Int'l Group, 712 F.3d 1, 3 (D.C. Cir. 2013), our Court of Appeals ruled that the documents Reisinger sought in her first motion were "not judicial records subject to the [common law] right of access". The decision of our Court of Appeals was a final one and obviously the Court of Appeals is "a court of competent jurisdiction."

Reisinger argues that "[t]he parties are not identical, no court has yet considered the issue at bar -- thus, no judgment has been made on the merits and the pending motion presents no cause of action, much less one previously litigated by these parties." Mot. at 2. It is hard to understand what this sentence means. Reisinger's cause of action is for access to the Reports of AIG's IC. That was the issue litigated in her first motion -- and she lost. She presents no

---

[2] The only difference between the two Motions as to the identity of parties is that the SEC has chosen not to join AIG's Opposition. The SEC made a different choice regarding the first motion, when it filed a joint opposition with AIG. The absence of the SEC on this Motion makes no substantive difference in the applicability of *res judicata*. .

4

additional facts or case law that in any way differentiates her cause of action in this Motion from her cause of action in her first motion. "[A] 'cause of action' is determined by the factual nucleus, not the theory on which a plaintiff relies . . . If there is a common nucleus of facts, then the actions arise out of the same cause of action . . . ." Sheptock, 703 F.3d at 330 (quoting Faulkner v. GEICO, 618 A.2d 181, 183 (D.C. 1992). There is a common, indeed, an identical, nucleus of facts in Reisinger's two Motions and, therefore, the same cause of action exists in both Motions.

The only difference between the two Motions is that Reisinger is presenting a legal theory in the second Motion that she could have, but failed, to raise in her first motion. "'There is an identity of the causes of action when the cases are based on the 'same nucleus of facts' because 'it is the facts surrounding the action or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.'" Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009) (quoting Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)). In Natural Res. Def. Council v. E.P.A., 513 F.3d at 261, the Court of Appeals emphasized that "claim preclusion is also intended 'to prevent litigation of matters that should have been raised in an earlier suit'" (citation omitted) (emphasis in original). In short, Reisinger had the option to raise her "good cause" argument in her first motion for access to the IC documents and failed to do so. That failure to raise an argument which could have been litigated in an earlier proceeding is covered by the claim preclusion doctrine. "[R]es judicata . . . bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised[.]" Natural Res. Def. Council v. Thomas, 838 F.2d 1224, 1252 (D.C. Cir. 1988). As the Court said in Natural Res. Def. Council v. E.P.A.,

513 F.3d at 261, "[t]he two [motions] simply offer different legal theories to support the same claim[.]"

For all these reasons, the Court concludes that Ms. Reisinger's Motion is **denied**.

May 16, 2013

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**